### THE SHARPEE SHE.

### BRALEY v. BELL.

(District Court, S. D. New York. March 24, 1894.)

COLLISION—ANCHORED VESSEL—BREAKING ADRIFT—INSECURE ANCHORAGE.
  When the owner of an anchored vessel has reasonable notice of the insufficiency of his anchorage, and the danger of drifting in a storm, he takes the risks of such drifting, and a collision caused thereby is due to his neglect, and cannot be held to be inevitable.

Stewart & Macklin, for libelant.

John J. Roach and Peter S. Carter, for respondent.

BROWN, District Judge. During the storm of the night of September 13 to 14, 1892, the defendant's yacht Growler, anchored upon the grounds of the Pavonia Yacht Club, at Communipaw, dragged and fouled the libelant's yacht Sharpee She, causing her some damage. The owners of both yachts were members of the same yacht club. There were no rules of the club concerning the mode of anchoring; and the sufficiency and responsibility of each must, therefore, be judged by the ordinary rules of law.

I must find, upon the evidence, that the anchorage ground was an unsafe one in storms, by the usual methods of anchoring, and was known to be so. The ground was soft mud, beneath which were oyster shells, under which was again mud. Anchors would not take a firm hold. Drifting and fouling in storms had been previously frequent; and the insecurity of the anchors was, I must find, so generally known that reliance upon them in storm was at the risk of the owner that used them. Many of the yachts were made fast to poles driven from six to eight feet into the mud. The libelant's yacht was made fast in that way, and held both yachts through the remainder of the storm after the Growler had fouled and remained pounding her. The storm in this case was not of any extraordinary severity; and where there is reasonable notice of danger of drifting in storms that are liable to arise, the owner takes the risk of reliance on means known to be of doubtful sufficiency. No accident in such cases can be held to be "inevitable." Many authorities to this effect are cited in the recent case of The Anerly, 58 Fed. 794.

Decree for the libelant, with costs.